IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

CHARLES W. BECK and ANNETTE S. BECK,

    Plaintiffs,

vs.

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Defendant.

CASE NO. 3:17-CV-29 (CDL)

O R D E R

Plaintiffs Charles and Annette Beck, who are proceeding *pro se*, allege that Defendant Federal National Mortgage Association ("Fannie Mae") committed mortgage fraud against them. They also assert that the assignment of their security deed to Fannie Mae was invalid. Presently pending before the Court is the Becks' "Motion for Cancellation of Mortgage Debt by Statute of Limitations" (ECF No. 2). The motion is denied.

The Becks appear to acknowledge that they executed a security deed to secure a home loan. Compl. 1-2, ECF No. 1-1. The Becks also appear to acknowledge that the security deed was later assigned to Fannie Mae, although they assert that the assignment was invalid. *Id.* at 2-3. The Becks' present motion seeks a ruling that the assignment to Fannie Mae "violates [Georgia's] statute of limitations of 6 years on written

contracts." Pls.' Mot. for Cancellation of Mortgage Debt 1, ECF No. 2. The Becks did not submit any evidence in support of this claim. In a prior action brought by the Becks against Bank of America, there was evidence that the assignment took place in October 2015. Order Granting Def.'s Mot. to Dismiss 4, ECF No. 22 in 3:16-cv-2 (citing Pls.' Mot. for Summ. J. Ex. D, Assignment of Security Deed 1, ECF No. 20-4 at 1 in 3:16-cv-2).

O.C.G.A. § 9-3-24 provides: "All actions upon simple contracts in writing shall be brought within six years after the same become due and payable." This statute means that an action based on a written contract must be brought within six years after the claim accrues. In other words, to be timely, a breach of contract lawsuit must be filed within six years after the breach occurs. Here, Fannie Mae has not asserted a civil action based on a written contract. And nothing in O.C.G.A. § 9-3-24 sets a time limit on the assignment of a security deed. For these reasons, the Becks' motion for cancellation of their mortgage debt under O.C.G.A. § 9-3-24 fails and must be denied.

IT IS SO ORDERED, this 12th day of April, 2017.

                                      s/Clay D. Land
                                      CLAY D. LAND
                                      CHIEF U.S. DISTRICT COURT JUDGE
                                      MIDDLE DISTRICT OF GEORGIA