IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

CHARLES W. BECK and ANNETTE S. BECK,

    Plaintiffs,

vs.

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Defendants.

CASE NO. 3:17-CV-29 (CDL)

O R D E R

Plaintiffs Charles W. Beck and Annette S. Beck, who are proceeding pro se, brought this action against Defendant Federal National Mortgage Association ("Fannie Mae") alleging a claim for "mortgage fraud." Compl. at 1, ECF No. 1-1 at 2. Plaintiffs filed their action in the Superior Court of Madison County, Georgia. Though Plaintiffs did not serve Fannie Mae with a Summons and a copy of the Complaint, Fannie Mae learned of the action and filed a notice of removal, reserving its objections based on service and personal jurisdiction. Although Plaintiffs filed several documents with the Court, including a motion and some discovery materials, Plaintiffs never filed a proof of service establishing that they served Fannie Mae with the Summons and a copy of the Complaint. Fannie Mae filed a motion to dismiss for insufficient process under Federal Rule of

Civil Procedure 12(b)(4) and insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).[1] Plaintiffs did not respond to the motion or present any evidence to establish that they properly served Fannie Mae. Accordingly, Fannie Mae's motion to dismiss (ECF No. 8) is granted.

"A summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ." *Id.* Where, as here, the defendant is not served before removal, the plaintiff must perfect service within 90 days after the notice of removal is filed. 28 U.S.C. § 1448; Fed. R. Civ. P. 4(m). "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 183 (11th Cir. 2007) (per curiam) (quoting *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)). If a defendant is not timely served, then the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

---

[1] Fannie Mae also moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court may not reach the merits of this case because, as discussed below, the Court does not have personal jurisdiction over Fannie Mae. *See Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 183 (11th Cir. 2007) (per curiam) (finding that it was error for the district court to reach the merits of a case where the plaintiff did not serve the defendants properly).

This action was removed on February 13, 2017. Therefore, Plaintiffs should have served Fannie Mae with the Summons and Complaint by May 14, 2017. Plaintiffs never filed a proof of service to establish that they served Fannie Mae. They did not respond to Fannie Mae's motion to dismiss. And they did not show good cause for their failure to serve Fannie Mae at any time during the more than 250 days this action has been pending in this Court. For these reasons, the Court concludes that it does not have jurisdiction over Fannie Mae, and this action is dismissed without prejudice.

IT IS SO ORDERED, this 27th day of October, 2017.

S/Clay D. Land  
CLAY D. LAND  
CHIEF U.S. DISTRICT COURT JUDGE  
MIDDLE DISTRICT OF GEORGIA